UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERRY DUNLAP, | § | |
|    Plaintiff | § | |
| | § | |
| V. | § | C.A. NO. C-08-366 |
| | § | |
| CITY OF CORPUS CHRISTI, et al., | § | |
|    Defendants | § | |

## ORDER ON PENDING MOTIONS

Plaintiff Sherry Dunlap alleges that the City of Corpus Christi and two of its police officers, J. Wicks and A. Alvarez, violated her civil rights when the officers used excessive force against her during an arrest. She asserts a cause of action under 42 U.S.C. § 1983. Pending are Defendant Wick's motions for more definite statement and to stay discovery (D.E. 19-1 and 19-2) and Defendant Alvarez's motions for more definite statement and to stay discovery (D.E. 20-2 and 20-3). Defendant Alvarez also filed two motions to dismiss which are addressed in a separate memorandum and recommendation. Although plaintiff filed three briefs (D.E. 21, 22, 23) none responds to the defense motions.

## BACKGROUND

In her complaint, plaintiff alleges that she was beaten during an arrest outside of a night club. She alleges that there were many police vehicles and officers present and that one officer pulled her out of the van, threw her to the ground and beat her. She asserts that she was bruised, her ribs were broken and that her back was injured. Another officer

placed plaintiff in the police car and turned the heat all the way up in the car (D.E. 1, pp. 1-2).

Plaintiff was charged with possession of less than two ounces of marijuana and of having a gun.  The gun charge was dismissed and she pleaded no contest to the marijuana charge (D.E. 23-2, p. 2; 23-4, pp. 1-2).  Plaintiff seeks damages for injuries resulting from the beating and any other relief to which she may be entitled.

## APPLICABLE LAW

**A.  Wick's Motion for More Definite Statement and To Stay Discovery**

Federal Rule of Civil Procedure 12(e) provides the following:

**Motion for a More Definite Statement**.  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 10 days of the notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court.  McCollum v. Allied Custom Homes, Inc., No. H-08-3754, 2009 WL 1098459, at *2 (S.D. Tex. April 23, 2009)(citing Russell v. Grace Presbyterian Village, No. 3:05-cv-0030, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) and Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).  When a party moves for a more definite statement, the court determines whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive

pleading. Id. (citations omitted). When a defendant complains of matters that can be clarified and developed during discovery, rather than matters which impede his ability to form a responsive pleading, an order directing the plaintiff to file a more definite statement is not warranted. Arista Records LLC v. Greubel, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006)(citing Mitchell, 269 F.2d at 132 (5th Cir. 1959)).

In this case, plaintiff alleges that she was beaten by a police officer, and placed in a patrol car by an officer who turned the heater all the way up. She does not describe the role Wicks allegedly played. She states that Wicks' name appears in a police report and that is the only mention of him in her complaint (D.E. 1, p. 1). Wicks asserts that the complaint is vague and furnishes no information to overcome his entitlement to qualified immunity. He asks that asks that plaintiff be ordered to specify what actions Wicks is alleged to have taken that constitute excessive force, the date and location of the events, and the basis for contending the force was excessive.

Defendant Wicks is correct that the allegations against him are so vague as to be non-existent at this point. Accordingly, plaintiff is ORDERED to file a more definite statement in keeping with the pleading requirements of Fed. R. Civ. P. 8(a). Specifically, plaintiff should provide a short and plain statement showing that she is entitled to relief from Wicks. Plaintiff is ORDERED to file the statement within 10 days of receiving notice of this order. Failure to comply with this order in a timely fashion may result in plaintiff's complaint being struck.

Wicks also moved to stay discovery pending plaintiff's filing of a more definite statement. The motion is GRANTED and it is ordered that discovery be stayed until plaintiff has filed a more definite statement.

**B. Alvarez's Motion for More Definite Statement and Motion to Stay Discovery**

In Alvarez's motion for more definite statement he argues that it is unclear from plaintiff's complaint what role he played in the alleged beating. Defendant Alvarez is correct. The only place he is mentioned in the complaint is when plaintiff states that Alvarez's name is on a police report (D.E. 1, p. 1). The allegations against Alvarez are so vague as to be non-existent at this point. Accordingly, plaintiff is ORDERED to file a more definite statement in keeping with the pleading requirements of Fed. R. Civ. P. 8(a). Specifically, plaintiff should provide a short and plain statement showing that she is entitled to relief from Alvarez. Plaintiff is ORDERED to file the statement within 10 days of receiving notice of this order. Failure to comply with this order in a timely fashion may result in plaintiff's complaint being struck.

Alvarez also moved to stay discovery pending the filing of plaintiff's more definite statement. The motion is GRANTED and it is ordered that discovery be stayed until plaintiff has filed a more definite statement.

## **CONCLUSION**

Defendants Wicks' and Alvarez's motions for more definite statement and motions to stay discovery (D.E. 19-1, 19-2, 20-2 and 20-3) are granted. Plaintiff is ordered to file a more definite statement describing actions Wicks and Alvarez took against her that violated her constitutional rights. Plaintiff should file the more definite statement within 10 days of receiving notice of this order.

ORDERED this 23rd day of June, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE